UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARA V.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. C21-5534-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1974.[1] Plaintiff has at least a high school education and previously worked as a home health attendant. AR 271. Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on December 20, 2019, alleging disability beginning May 1, 2019. AR 262. The applications were denied at the

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

initial level and on reconsideration. On October 27, 2020, the ALJ held a telephonic hearing and took testimony from Plaintiff and a vocational expert (VE). AR 277–320. On December 28, 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 262–72. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on June 4, 2021 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 264.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment.

The ALJ found Plaintiff has the following severe impairments: obesity; diabetes mellitus; post-traumatic stress disorder (PTSD); and major depressive disorder (MDD). AR 264.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 265–66.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform medium work, as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with the following limitations:

> She can lift and/or carry 50 pounds occasionally and 25 pounds frequently. She can stand and/or walk for 6 hours in an 8-hour workday. She can sit for 6 hours in an 8-hour workday. She is limited to work involving simple and some detailed tasks, in a work environment without conveyor belt-paced production requirements, where standard work breaks are provided, with only occasional, superficial interaction with the public and coworkers, and with occasional interaction with supervisors. The claimant can do work involving only normal, routine work place changes, with only employer-set goals.

AR 266. With that assessment, the ALJ found Plaintiff able to perform any past relevant work as a home health attendant. AR 270.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Although the ALJ found Plaintiff capable of performing past relevant work at step four, with the assistance of a VE, the ALJ also found Plaintiff capable of performing other jobs at step five, such as work as a laundry worker II, laboratory equipment cleaner, and salvage laborer.

ORDER
PAGE - 3

AR 271–72.

Plaintiff raises the following issues on appeal: (1) Whether the ALJ and Appeals Council were insulated by two layers of for-cause removal, violating separation of powers; (2) whether ALJ erred in evaluating the medical opinion evidence; (3) whether the ALJ erred in rejecting lay testimony; and (4) whether the ALJ provided legally sufficient reasons to reject Plaintiff's subjective claims. Plaintiff requests remand for an award of benefits or, in the alternative, remand for a *de novo* hearing and further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Separation of Powers**

Plaintiff argues that all of the relevant agency actions in this case occurred during Commissioner Saul's tenure and that, throughout his tenure, the ALJ and the Appeals Council "were insulated by two-layers of for-cause removal, their own and that of Commissioner Saul above them." Dkt. 18, at 6 (citing 5 U.S.C. § 7521(a)). Plaintiff relies on *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S 477 (2010), and *Decker Coal Co. v. Pehringer*, 8 F.4th 1123 (9th Cir. 2021), to argue that Section 902(a)(3), when combined with 5 U.S.C. § 7521(a)[2], a removal provision governing the ALJ and members of the Appeals Council, creates two-layers of for-cause removal, which structure violates the separation of powers. Dkt. 18, at 6. Plaintiff argues that the ALJ's decision should be remanded for a new hearing before a different ALJ based on this constitutional defect. *Id.* The Commissioner does not dispute that Section 902(a)(3) violates the separation of powers; however, the Commissioner asserts that the constitutional defect does not support setting aside the ALJ's denial of benefits. Dkt. 22, at 2.

The Ninth Circuit Court of Appeals recently addressed the separation of powers argument

---

[2] Plaintiff does not separately challenge the constitutionality of 5 U.S.C. §7521(a).

in Social Security decisions in *Kaufmann v. Kijakazi*, 32 F.4th 843 (9th Cir. 2022). In *Kaufmann*, the Ninth Circuit held that the removal provision of Section 902(a)(3) is severable and that "[t]he remaining provision of the [Social Security] Act are capable of fully independent function . . . ." *Id.* at 849. Accordingly, the Court held that the unconstitutional removal provision does not render actions by the agency as void and "[a] party challenging an agency's past actions must instead show how the unconstitutional removal provision *actually harmed* the party." *Id.* (emphasis in original); *see also Collins v. Yellen*, 141 S. Ct. 1761, 1787–89 (2021) (a plaintiff seeking relief based on the existence of an unconstitutional statutory removal restriction must show harm in order to be entitled to such relief).

In her reply brief, Plaintiff asserts that "[t]he purely constitutional harm lies in the fact that the hearing, decision, and administrative review in the case at bar were made, theoretically, outside of the President's authority and control." Dkt. 23, at 8. Plaintiff argues that there is "at least possible harm" from the constitutional defect because "Commissioner Saul politicized and undermined due process of disability benefits, reducing due process and restricting benefits awards for reasons other than disability under the statute," and that Commissioner Saul's tenure reduced the "expected value of the application for benefits." *Id.* at 9–10. The Ninth Circuit expressly rejected the "expected value" argument in *Kaufmann*. As the Court explained:

> That argument is not particularized to Claimant . . . . [W]ithout some evidence of *how* the Commissioner was inclined to exercise expanded authority with respect to the particular claimant, we fail to see how even the theoretical "expected value" of Claimant's case would change. In any event, the argument rests solely on speculation that the Commissioner theoretically might have acted differently. Claimant cannot meet her burden of showing actual harm with speculation alone.

*Kaufmann*, 32 F.4th at 850 (emphasis in original). The same applies here. Plaintiff has presented neither evidence nor a plausible theory that the removal provision caused her actual harm.

ORDER
PAGE - 5

Therefore, Plaintiff has not shown that the constitutional defect of Section 902(a)(3) is grounds to reverse and remand the ALJ's decision in this matter.

**2. Medical Opinions**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding.[3] *Id.* at §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2). Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *Id.* at 787; *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. <u>Dr. Alyssa Ruddell, Ph.D.</u>

Plaintiff submitted a psychological evaluation performed by Dr. Ruddell dated April 27, 2021, as new evidence to the Appeals Council after the ALJ had issued the decision. AR 2. Dr. Ruddell's evaluation is included in the administrative record before the Court. AR 30–35. Dr. Ruddell assessed Plaintiff with marked limitations in her ability to learn new tasks; adapt to changes in a routine work setting; maintain appropriate behavior in a work setting; complete a normal work week without interruptions from psychologically based symptoms; and set goals and plan independently. AR 32. Dr. Ruddell assessed Plaintiff with moderate limitations in the

---

[3] Under the new regulations, the ALJ is no longer required to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

majority of other categories of basic work activities. AR 32.

Upon a party's request, the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). The Appeals Council considered Dr. Ruddell's opinion[4] and found that the doctor's opinion "does not relate to the period at issue" and that the opinion "does not affect the decision about whether [Plaintiff was] disabled beginning on or before December 28, 2020." AR 2.

Plaintiff argues that the Appeals Council erred because it considered Dr. Ruddell's opinion but did not provide any reasons for finding Dr. Ruddell's opinion not persuasive.[5] Dkt. 18, at 12; Dkt. 23, at 2. The Court may consider whether the Appeals Council improperly rejected new opinion evidence and, in doing so, the Court may "consider the physician's opinion, which was rejected by the Appeals Council, to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and free of legal error." *Taylor*, 659 F.3d at 1232; *see also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

---

[4] The Commissioner does not dispute that the Appeals Council considered Dr. Ruddell's opinion in denying review of the ALJ's decision and does not argue that the Appeals Council should not have considered the doctor's opinion. *See* Dkt. 22, at 15–18.

[5] To the extent that Plaintiff challenges the adequacy of the Appeals Council's explanation for rejecting Dr. Ruddell's opinion, this argument has been expressly rejected by the Ninth Circuit. *See Taylor v. Comm'r Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011) (the Court does not have jurisdiction to review the Appeal's Council's non-final agency action); *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996) ("[I]n rejecting [new] evidence, the Appeals Council is not required to make any particular evidentiary finding.").

Here, the Appeals Council found that Dr. Ruddell's opinion did not relate to the relevant time period in Plaintiff's case. AR 2. Additional evidence must be "new, material, and relate[d] to the period on or before the date of the hearing decision" for the Appeals Council to grant a party's request for review. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Dr. Ruddell's opinion is dated after the ALJ issued his decision. AR 32. Although Dr. Ruddell notes an onset date of 2002 for Plaintiff's diagnosis of major depression, AR 31, there is no indication in the doctor's assessed limitations apply retrospectively. To the contrary, there are several indications in Dr. Ruddell's opinion that the doctor evaluated Plaintiff's mental capacity as it was at the time of the evaluation and not retrospectively since the onset of disability, including notations from the doctor that Plaintiff presented "tearful today," that Plaintiff reported memory and attention problems as they were "[c]ompared to a year ago," and that Plaintiff did not fill out any job applications "in the last 3 months." AR 33. Additionally, the clinical tests performed by Dr. Ruddell assessing Plaintiff's memory, fund of knowledge, concentration, abstract reasoning, and problem-solving clearly evaluated Plaintiff's capacity at the time of the evaluation. AR 33. Finally, the ALJ evaluated another medical source opinion similarly identifying Plaintiff's depression onset date as 2002 and assessing several marked mental health limitations, yet the ALJ found this opinion "grossly inconsistent" with Plaintiff's work history. AR 269. Plaintiff has not challenged the ALJ's evaluation of the other medical opinion evidence. Therefore, Plaintiff has not shown that the Appeals Council erred in rejecting Dr. Ruddell's opinion or that Dr. Ruddell's opinion sufficiently undermines the ALJ's decision to warrant remand. Considering the additional evidence, the ALJ's decision is supported by substantial evidence.

**3. Lay Witness Testimony**

Plaintiff contends that the ALJ improperly evaluated the lay witness testimony of

Plaintiff's fiancé. Dkt. 18, at 13. Plaintiff's fiancé stated that Plaintiff gets stressed out, very anxious, depressed, and that sometimes she cannot get out of bed and is unable to function. AR 508. Plaintiff's fiancé further stated that Plaintiff has several bouts of depression and suicidal thoughts that are unpredictable and last one to four days, and that Plaintiff's impairments affect her hearing, memory, and ability to complete tasks, concentrate, and follow instructions. AR 513, 515. The ALJ found the lay witness testimony unpersuasive. AR 270. While the ALJ stated that he considered the lay testimony in formulating the RFC, the ALJ noted that Plaintiff's fiancé is not a medical source and "is not qualified to assess what the claimant is able to do despite her impairments." AR 270.

Plaintiff argues that the ALJ failed to provide germane reasons for rejecting Plaintiff's fiancé's testimony on the basis that the lay witness was not a doctor. Dkt. 18, at 14. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Here, the ALJ noted solely that Plaintiff's fiancé is not a medical source; however, this does qualify as a reason germane to the witness for rejecting their testimony. *See Smolen v. Chater*, 80 F.3d 1273, 1288–89 (9th Cir. 1996) (finding that the ALJ erred in rejecting the testimony of family members because they were "understandably advocates, and biased"). Therefore, the ALJ erred by rejecting the lay witness testimony based on the witness's lack of qualification as a medical source.

Nevertheless, the Court finds that any error in the ALJ's evaluation of Plaintiff's fiancé's lay testimony was harmless in this case. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012), *superseded by regulation on other grounds* (an error is harmless if it is "inconsequential to the ultimate nondisability determination") (internal citations and quotation marks omitted). Plaintiff's

ORDER
PAGE - 9

fiancé's function report is substantially similar to Plaintiff's own function report and testimony regarding her limitations. As described below, the ALJ reasonably concluded that Plaintiff's symptom testimony was inconsistent with evidence of Plaintiff's daily activities and the medical record. "Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," an error in evaluating lay witness testimony is harmless. *Id.*; *see also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [claimant's] own subjective complaint, and because [the lay] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony."). Therefore, any error in the ALJ's evaluation of Plaintiff's fiancé's testimony was harmless because the ALJ's well-supported reasons for rejecting Plaintiff's testimony apply equally to the lay witness testimony in this case.

### 4. Subjective Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony.[6] *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Smolen*, 80 F.3d at 1286. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)

---

[6] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 10

("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that she has had several suicide attempts, that there are several days during each week that she cannot function, that she regularly missed work due to her mental health, that she cannot keep a fixed schedule, that her memory has been affected by suicide attempts, that she gets emotionally charged and upset easily so that she avoids people, and that her impairments affect her memory and her ability to complete tasks, concentrate, follow instructions, and get along with others. AR 491–96. Plaintiff further alleges that she had mental health episodes that last several days. AR 498. At the hearing, Plaintiff testified that she feels worthless, cannot get out of bed, cries a lot, is lethargic, and is very sad. AR 299, 301. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not fully consistent with the evidence in the record." AR 267.

Plaintiff argues that the ALJ failed to provide legally sufficient reasons to reject Plaintiff's subjective testimony. Dkt. 18, at 15. Regarding Plaintiff's daily activities, the ALJ found Plaintiff's testimony inconsistent with Plaintiff' reports of being able to travel to Oregon and Mexico and to care for two new puppies and a young child. AR 270. An ALJ may discount testimony where it is inconsistent with evidence of a claimant's daily activities. *Ahearn v. Saul*, 988 F.3d 1111, 1116–17 (9th Cir. 2021). In her function report, Plaintiff stated that she provides care for her young daughter and her boyfriend, cooks (including preparing complete meals), cleans, drives, cares for pets, performs regular chores when her mental health permits, weekly shops in store and on the computer, can handle money, and can follow a recipe. AR 492–96. The ALJ found that Plaintiff's

ORDER
PAGE - 11

activities were inconsistent with Plaintiff's testimony that she has little capability, is bedridden, and has difficulty concentrating, understanding, following instructions, and completing activities. AR 270. These activities both contradict Plaintiff's other testimony and also show that Plaintiff is capable of functioning at a greater level than alleged, including being able to care for others, follow and understand instructions, and complete tasks. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (daily activities may be used to show contradiction with other testimony or evidence of transferable work skills). Here, Plaintiff's activities demonstrate skills that are reasonably transferrable to the work identified at steps four and five, including Plaintiff's past relevant work as a home health attendant. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling pain." (emphasis in original)). Plaintiff argues that Plaintiff's daily activities "could be performed at her own pace, with help, with breaks, and with tolerance for periodic 1-4 day bouts of depression and suicidal ideation" and that Plaintiff's travel activities were not described as long distance. Dkt. 18, at 15. However, the ALJ's alternative interpretation of Plaintiff's daily is at least equally rational and not properly disturbed. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Therefore, the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's testimony inconsistent with evidence of Plaintiff's daily activities, and the ALJ's finding have the support of substantial evidence.

Plaintiff argues that the record as a whole documents Plaintiff's distress, including Plaintiff's suicidal thoughts, trouble sleeping depressed mood, and lethargy. Dkt. 18, at 16. The ALJ found that Plaintiff displayed normal finding during mental status examination with the DHS examiner, that Plaintiff indicated that her medications controlled her symptoms, and that between

medication, counseling, and self-care, Plaintiff "is generally able to maintain a mentally functional state." AR 270. An ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle*, 533 F.3d at 1161. Here, Plaintiff testified at the hearing that her medications have helped her symptoms, that she can go a couple of months without experiencing symptoms, that activities, such as taking long baths and gardening, are helpful to her mental health symptoms, and that she is working with a therapist. AR 288, 292, 298. Plaintiff has not shown that the ALJ erred in evaluating the evidence of record. Rather, Plaintiff again offers a different interpretation of the medical record, yet the ALJ's equally rational interpretation is not properly disturbed. *See Ford*, 950 F.3d at 1154. Therefore, Plaintiff has not shown that the ALJ erred in evaluating Plaintiff's symptom testimony, and the ALJ's findings have the support of substantial evidence.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 8th day of June, 2022.

MARY ALICE THEILER
United States Magistrate Judge